# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAFIS ANTUAN FAISON, | : | |
|     Petitioner, | : | |
| | : | No. 1:18-cv-2440 |
| v. | : | |
| | : | (Judge Rambo) |
| JAMEY LUTHER, *et al.*, | : | (Magistrate Judge Mehalchick) |
|     Respondents | : | |

## **MEMORANDUM**

Before the Court are *pro se* Petitioner Nafis Antuan Faison ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), motion to compel discovery (Doc. No. 7), and motion for clarification/status of case (Doc. No. 8), Magistrate Judge Mehalchick's October 31, 2019 Report and Recommendation (Doc. No. 22) recommending that Petitioner's § 2254 petition be denied and that his motions be dismissed as moot, and Petitioner's objections (Doc. No. 23) to the Report and Recommendation. For the following reasons, the Court will overrule Petitioner's objections, adopt the Report and Recommendation, deny his § 2254 petition, and dismiss as moot his remaining motions.

## I.    BACKGROUND

Petitioner was tried and convicted in the Court of Common Pleas for Lycoming County of two (2) misdemeanor counts of possession of a controlled substance, one misdemeanor count of possession of drug paraphernalia, one misdemeanor count of possession of a small amount of marijuana, and one felony

count of possession of a controlled substance with intent to deliver. The factual background of this case has been set forth at length by Magistrate Judge Mehalchick in her Report and Recommendation and, therefore, will not be repeated herein. (Doc. No. 22 at 2-8.) Petitioner was sentenced to a total of five (5) to ten (10) years' incarceration. His convictions and sentence were upheld on both direct and post-conviction review in the Pennsylvania state courts.

In his § 2254 petition, Petitioner raises the following claims for relief:

1. The PCRA Court's conclusion that probable cause existed to support the authorization of the disclosure of [Petitioner's] cell phone data was clearly erroneous, thus [Petitioner] was denied effective assistance of counsel where trial counsel failed to file a motion to suppress evidence gleaned from [Petitioner's] cell phone data;

2. The PCRA Court's conclusion that police had the right to enter Simpson's apartment and perform a protective sweep without a search warrant was clearly erroneous, thus [Petitioner] was denied effective assistance of counsel where trial counsel failed to file a motion to suppress evidence seized form the apartment;

3. The PCRA Court's conclusion that [Petitioner] failed to establish any significant or material misstatement in the affidavit of probable cause in support of the search warrant on Simpson's apartment was clearly erroneous, and that his trial counsel was ineffective for failing to investigate Simpson. [Petitioner] alleges that an investigation would have brought to light false averments contained in the affidavit of probable cause in support of his arrest warrant, thus the affidavit should have been suppressed; and

4. Trial counsel was ineffective for failing to attempt to suppress evidence obtained when police reentered Simpson's apartment without a warrant, and after conducting a protective sweep.

(Doc. No. 22 at 8.) In her Report and Recommendation, Magistrate Judge Mehalchick recommends that Ground Four be dismissed as procedurally defaulted "without justifiable cause to excuse such procedural default." (Doc. No. 22 at 11-21.) She recommended further that Petitioner's remaining grounds be dismissed as meritless, a certificate of appealability not issue, and that Petitioner's pending motions be dismissed as moot. (*Id.* at 21-30.)[1]

In his objections, Petitioner challenges Magistrate Judge Mehalchick's recommendations regarding Grounds Four and One in his § 2254 petition. (Doc. No. 23.) With respect to Ground Four, Petitioner objects to Magistrate Judge Mehalchick's conclusion "that this claim was not fairly presented to the Pennsylvania state court." (*Id.* at 1.) He claims further that Magistrate Judge Mehalchick incorrectly concluded that his reasonable expectation of privacy in the dwelling where he was an overnight guest dissolved when he fled the apartment. (*Id.* at 1-3.) With respect to Ground One, Petitioner argues that Magistrate Judge Mehalchick unreasonably applied *Illinois v. Gates*, 462 U.S. 213 (1983) and also

---

[1] Magistrate Judge Mehalchick also noted that Petitioner included a fifth ground for relief in his § 2254 petition, which was written on the back of the petition and inadvertently not scanned when the § 2254 petition was filed. (Doc. No. 22 at 21 n.22.) This claim was that "trail counsel was ineffective for not *consulting* with [Petitioner] about filing the motions to suppress evidence which are addressed herein." (*Id.*) Magistrate Judge Mehalchick concluded that because the motions to suppress would have been meritless, counsel could not be ineffective for failing to so consult, and therefore, the claim should be dismissed. (*Id.*) Petitioner has not challenged this recommendation in his objections. Accordingly, the Court will adopt the Report and Recommendation with respect to this fifth ground for relief.

3

unreasonably applied the facts. (*Id.* at 4.) Specifically, Petitioner maintains that affiant who prepared the affidavit of probable cause to issue a trace and tracking device for his cell phone did not corroborate the information provided by a parolee. (*Id.* at 4-5.)

## II. LEGAL STANDARD

When objections are timely filed to a magistrate judge's report and recommendation, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. § 636(c); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Nonetheless, whether timely objections are made or not, the district court may

accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

## III. DISCUSSION

As noted *supra*, Petitioner only objects to Magistrate Judge Mehalchick's recommendation to dismiss Grounds Four and One set forth in his § 2254 petition. He does not challenge her recommendations concerning Grounds Two and Three. Following an independent review of the record, the Court is satisfied that the Report and Recommendation contains no clear error with respect to Grounds Two and Three. Accordingly, the Court will adopt the Report and Recommendation with respect to these grounds for relief.

### A. Ground Four

With respect to Ground Four, Petitioner avers that Magistrate Judge Mehalchick erroneously concluded that his claim was not fairly presented to the Pennsylvania state courts when he had raised it in his supplemental PCRA petition. (Doc. No. 23 at 1.) Petitioner maintains further that Magistrate Judge Mehalchick concluded that the procedural default of Petitioner's claim should not be excused because any expectation of privacy he had in the apartment dissolved when he fled and was subsequently arrested. (*Id.* at 2-3.)

In support of his claim, Petitioner cites *Payton v. New York*, 445 U.S. 573 (1980). (Doc. No. 23 at 2-3.) In *Payton*, the Supreme Court concluded that "an

arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." 445 U.S. at 603. Petitioner avers that pursuant to *Payton*, the police did not have authority to re-enter the apartment and conduct a search. (Doc. No. 23 at 3.) Upon review of the record, however, the Court concludes that Magistrate Judge Mehalchick correctly concluded that Petitioner's procedural default of Ground Four should not be excused. She correctly noted that as an overnight guest, Petitioner enjoyed a "legitimate expectation of privacy for as long as [he was] in the [apartment]." *United States v. Pettiway*, 429 F. App'x 132, 135 (3d Cir. 2011) (citing *Minnesota v. Olson*, 495 U.S. 91, 98-99 (1990)). That expectation, however, "fails when the overnight guest departs the home." *Id.* As Magistrate Judge Mehalchick correctly noted, Petitioner left the apartment and was arrested before police re-entered it. Accordingly, because Petitioner was not present when the re-entry occurred, he would have lacked standing to challenge the re-entry and subsequent search. *See United States v. Harris*, 884 F. Supp. 2d 383, 390 n.5 (W.D. Pa. 2012). Accordingly, Petitioner's objection will be overruled, and the Court will adopt Magistrate Judge Mehalchick's Report and Recommendation with respect to Ground Four.

**B. Ground One**

With respect to Ground One, Petitioner maintains that Magistrate Judge Mehalchick unreasonably applied *Illinois v. Gates*, 462 U.S. 213 (1983) and unreasonably applied the facts. (Doc. No. 23 at 4.) Petitioner asserts that the affiant who prepared the affidavit of probable cause to issue a trace and tracking device for Petitioner's cell phone never corroborated the information provided by parolee Steven Williams. (*Id.*) In making these arguments, Petitioner essentially reiterates the arguments previously advanced in his traverse. Having considered this challenge, the Court concludes that Magistrate Judge Mehalchick correctly and comprehensively addressed the substance of this objection in her Report and Recommendation. Accordingly, Petitioner's second objection will be overruled.

**IV. CONCLUSION**

For the foregoing reasons, the Court will overrule Petitioner's objections (Doc. No. 23) and adopt the Report and Recommendation (Doc. No. 22). The Court will, therefore, deny Petitioner's § 2254 petition (Doc. No. 1) and dismiss as moot his remaining motions (Doc. Nos. 7, 8). An appropriate Order follows.

s/ Sylvia H. Rambo<br>United States District Judge

Dated: March 12, 2020